UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

STACY MICHAEL MEAUX            CIVIL ACTION NO. 6:15-2165

VERSUS            JUDGE DOHERTY

UNITED STATES GOVERNMENT            MAGISTRATE JUDGE HILL

## MEMORANDUM ORDER

Before the court are a Motions filed by *pro se* plaintiff Stacy Michael Meaux in connection with his civil action purportedly filed pursuant to 42 U.S.C. § 1983. [rec. docs. 3 and 4].

By the former Motion, plaintiff asks this Court to "reopen" a civil lawsuit which was filed, and thereafter settled, in the Fifteenth Judicial District Court for Lafayette Parish, Louisiana. Plaintiff complains that the defendant, Smith International, did not pay the agreed upon amount and that his attorney, David Bankston, deducted his fees from the settlement funds after he told plaintiff that he would not do so. [rec. doc. 3].

By the latter Motion, plaintiff seeks an Order of this Court declaring judgments in criminal cases filed and resolved by plea agreement in Tangipahoa and St. Mary Parishes unconstitutional and unenforceable on grounds that his 6th, 8th and 14th Amendments were violated.

This Court does not have jurisdiction to "reopen" a settled state court lawsuit. Under the *Rooker-Feldman* doctrine federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. *United Sates v. Shepherd*, 23 F.3d 923, 924

(5th Cir. 1994). Thus, it is a well-settled principle that a plaintiff may not seek review in a federal district court of a state court judgment simply by casting his complaint in the form of a civil rights action. *Liedtke v. State Bar of Texas,* 18 F.3d 315, 317 (5th Cir. 1994); *Reed v. Terrell,* 759 F.2d 472, 473 (5th Cir. 1985), *cert. denied*, 474 U.S. 946, 106 S.Ct. 343, 88 L.Ed.2d 290 (1985); *Shepherd*, 23 F.3d at 924.  Plaintiff's recourse, if any, is to file a motion in state court to reopen the lawsuit or a motion to enforce the agreed upon settlement.

   Plaintiff also seeks to challenge the constitutionality and validity of his state court criminal prosecutions. Such relief is simply not available in a civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  A *habeas corpus* petition, on the other hand, is the proper vehicle for such attacks. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).  Accordingly, plaintiff must pursue his challenge in federal court through application for writ of *habeas corpus* under the provisions of 28 U.S.C. § 2254, not in a § 1983 lawsuit.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973);  *Serio v. Members of the La.*

*State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994).[1]

For these reasons, plaintiff's Motions [rec. docs. 3 and 4] are **denied.**

This action is hereby referred to the *pro se* attorney for frivolity review.

Signed this 21st day of August, 2015, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if the Court construed the instant action as a petition seeking federal *habeas corpus* relief, the Motion would nevertheless be subject to denial. It does not appear that the petition would be considered timely filed under the federal one-year limitation period set forth in 28 U.S.C. § 2244(d), nor does it appear that plaintiff has properly or timely exhausted state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Finally, while plaintiff does not seek monetary damages, to the extent that such relief could be sought in a § 1983 action, his claim appears to be barred under the principles set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).