UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

STACY MICHAEL MEAUX            CIVIL ACTION NO. 6:15-cv-2165

VS.                            JUDGE REBECCA F. DOHERTY

THE UNITED STATES
GOVERNMENT                     MAGISTRATE JUDGE CAROL B. WHITEHURST

REPORT AND RECOMMENDATION

*Pro se* plaintiff Stacy Michael Meaux, proceeding *in forma pauperis*, filed the instant

civil rights complaint pursuant to 42 U.S.C. §1983 on August 10, 2015. In conjunction with his

original complaint [Doc. 1], plaintiff has filed various motions, proposed orders and summons,

and, an amended complaint, a memorandum in support, and exhibits [Docs. 3, 4, 6, and 10 -16]

Plaintiff sues the "United States Government" alleging a convoluted series of claims; he prays for

judgment directing Congress to enact certain laws and for a judgment making him eligible for

full Veterans benefits. He also implies that he is entitled to relief from a civil judgment rendered

in the Fifteenth Judicial District Court, Lafayette Parish, from a judgment rendered in a paternity

dispute in that Court, and from criminal convictions in Tangipahoa and St. Mary Parishes.

This matter has been referred to the undersigned for review, report, and recommendation

in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

following reasons it is recommended that this civil action be **DISMISSED WITH PREJUDICE**

pursuant to the provisions of 28 U.S.C. §1915.

### Statement of the Case

Plaintiff is a resident of Abbeville, Vermilion Parish, Louisiana. On August 10, 2015, he

filed his original complaint along with a motion for leave to proceed *in forma pauperis*. [Docs. 1 and 2]  In his original complaint he identifies a single defendant, the United States Government, and alleges a litany of potential claims against various individuals, corporations, and government agencies; his complaint does not contain a prayer for relief. As to his factual allegations, he claims that he was "framed" and thus wrongly convicted of criminal charges in Tangipahoa Parish under Docket Number 1301123 and in St. Mary Parish under Docket Number 2012-189156. He claims that the St. Mary charges were prosecuted in order to make him lose or settle a personal injury suit pending in Lafayette Parish under Docket Number 2006-2623. He claims that his complaints to local, state and federal authorities concerning the unauthorized hacking of his computer went unheeded. He claims that his complaints to local and state authorities concerning unauthorized entries into his residence were also unheeded.  More specifically, he claims that his computers were "hacked" and that he complained to the F.B.I. that "people from the [P]hillipines had motion shots of [him]" and that "still shots they said they had in St. Mary Parish [were] taken almost three months after the first warrant was issued" and that these photographs were designed to coerce a guilty plea, resulting in an unconstitutional conviction.

He further complains that he was denied prompt and appropriate medical care during the time he was incarcerated and that he pled guilty in order to secure his release so that he may obtain medical care; he claims that his probation officer was told to refrain from communicating with him and that, as a result of his illness, the statute of limitations with regard to his medical care claims should be waived. He claims that his speedy trial rights were violated, that he received ineffective assistance of counsel, and that he was denied timely discovery. He also claims that he pled guilty in order to preserve his right to full Veterans benefits. He further claims

2

that his convictions were unlawful because of entries into his house in violation of the Fourth Amendment.

Plaintiff complains about the illegal activities of an individual named Lucille Galtier Hammond who unlawfully entered his residence on occasion; he also complains that the "state IT office" tapped his lines for years prior to his arrest. He alleges that Officer Rusty Meaux illegally entered his home. He complains that the City of Abbeville allowed his neighbor to cross plaintiff's property line and that someone hacked his wireless internet.

He asks the Court to re-open the personal injury suit against Smith, International in Lafayette Parish under Docket Number 2006-2623 because he settled that matter under duress. He claims that the authorities in St. Mary Parish who were prosecuting criminal charges against him in that jurisdiction had interests in Smith International. He complains that the Louisiana Courts and the United States Supreme Court erred when they prohibited him from establishing paternity of his child. He also complains about errors and irregularities in his bankruptcy proceedings.

Plaintiff complains about his neighbors and others, specifically the "state IT section" illegally entering his property and installing unlawful wire taps. He complains that his landlord and others, with aid from the Abbeville Police Department, stole property from him in the aftermath of Hurricane Andrew and that the City overcharged him for utilities during that time period.

He complains that he was injured while employed on an "Ensco rig" in Galveston, Texas, but that, because untrue information concerning his condition was posted in the company profile, he was ordered to do physical labor beyond his ability during his service with the Louisiana

National Guard. Finally, he concludes his original complaint by alleging fault on the part of the Federal Government's "malpheasis in office" which resulted in the denial of appropriate medical care during his incarceration at some unspecified period of time. [Doc.1]

On the same date the complaint was filed, plaintiff filed a "Motion to Re-open" the Lafayette Parish personal injury suit assigned civil action 2006-2623; according to plaintiff, and as noted above, the suit was settled because St. Mary Parish authorities would not bring him to court. Further, he claimed again that the criminal charges filed against him in St. Mary Parish were designed "to get this case closed." [Doc. 3]

Plaintiff also filed a "Motion ... rendering the orders of St. Mary Parish 2012-189156 and Tangipahoa 1-301123 unconstitutionally applicable and enforceable, or vacating and dismissing the cases." He claimed entitlement to relief from these judgments because someone had access to a key to his house, because he was denied proper medical attention for his traumatic brain injury, and because he received ineffective assistance of counsel. [Doc. 4]

On August 19, 2015 plaintiff submitted a summons to the Clerk requesting service on the United States Attorney; the United States Department of Justice; and, the United States Attorney General's Office. [Doc. 6]

On August 19, 2015 United States Magistrate Judge C. Michael Hill ordered the Clerk to refrain from issuing summons until such time as plaintiff "properly names the governmental officials to whom the summons needs to be directed." ]Doc. 7] On August 21, 2015, Magistrate Judge Hill issued a Memorandum Order denying plaintiff's motions. In so doing, Magistrate Judge Hill, citing *United States v. Shepherd*, 23 F.3d 923, 924 (5 Cir. 2015),  noted "This Court does not have jurisdiction to 'reopen' a settled state court lawsuit. Under the *Rooker-Feldman*

4

doctrine federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." Magistrate Judge Hill also dismissed plaintiff's challenge to the constitutionality and validity of his state court criminal prosecutions, noting that such relief was not available in a civil rights action. The Magistrate Judge observed that such relief would be available in a *habeas corpus* action but that the timeliness provisions of 28 U.S.C. §2244(d) would probably bar such suit. Finally, Magistrate Judge Hill, noting that plaintiff had not included a claim for money damages opined nonetheless that such a claim, if permitted, would be barred by the principals of *Heck v. Humphrey*, 512 U.S. 477 (1994)[1]. [Doc. 8] Thereafter, on August 25, 2015 Magistrate Judge Hill issued an order directing plaintiff to communicate with the Clerk of Court in writing only. [Doc. 9]

Plaintiff then filed a Supplemental Complaint on August 28, 2015 in which he placed blame for his circumstances on "all three branches" of the United States government. He opines that the State and local governments needed to enact "whistle blower" laws.  The remainder of this pleading again complains about illegal entries into his residence and the hacking of his computer. He complains that lawyers are not adequately disciplined when they provide ineffective assistance. He notes that "since so many of [his] civil rights were walked over that it is allowed to appeal to this court for this court to undo what was done..." He reiterates his claim

---

[1] In *Heck v. Humphrey*, 512 U.S. 477(1994), the United States Supreme Court determined,  "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254."  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at  487.

that the criminal prosecutions were designed to frame him in order to resolve his personal injury suit against Smith International. He concludes by complaining again about being thwarted in his efforts to establish paternity and claimed that he was wrongly convicted. [Doc. 10]

On September 2, 2015, plaintiff filed a series of pleadings and exhibits as follows: (1) a motion asking the court to compel Congress to enact a whistle blower law to include law enforcement officers; (2) a notice of disagreement with the order of Magistrate Judge Hill which prohibited plaintiff from telephoning the Clerk of Court; and, (3) a motion for permission to hack any computer that hacks plaintiff's computer. [Docs. 11, 12, 13]

He also filed a Memorandum in Support of his civil action [Doc. 14] and exhibits [Docs. 15, 16]  In the Memorandum, plaintiff complains that he is being deprived of his privacy at his home; that he was illegally arrested; and, that his right to petition the government for redress of grievances was violated. Thereafter, he claims that in 1992 his landlord stole various items of plaintiff's personal property in order to pay a "big utility bill" and local police refused to investigate the incident; in February 2001, plaintiff was injured while working on an oil rig, and, as a result of the injury, he was harassed into early retirement from the National Guard;  in 2005, plaintiff, while employed at Smith International was injured by fellow employees; when he recovered he was forced to do yard work which was physically impossible due to the injury he sustained in 2001; plaintiff then sued Smith International but was forced to settle the suit due to his wrongful arrest in St. Mary Parish; plaintiff had a boundary dispute with his neighbors in Abbeville; that dispute ultimately resulted in a police investigation, and, according to plaintiff, the police damaged his computer during their investigation; plaintiff had a dispute with the City of Abbeville over the cost of repairs to his electrical meter box, and because of delays occasioned

by "Miss Betty" he was unable to sue the City or its insurer;  Laura Thompson gave a statement

to law enforcement officers, defrauded plaintiff into giving her a power of attorney, spent all of

plaintiff's money, and expressed her intention to sell his house; the Internal Revenue Service

placed a tax lien against plaintiff's house after his mother tried to start a new business and

plaintiff lost several jobs because he had multiple meetings with that agency trying to resolve the

tax lien.

      Plaintiff claims that the defendant violated rights guaranteed under the First, Fourteenth,

Fourth, and Eighth Amendments, "La. R.S. 191... and 198," and, 42 U.S.C. §666 as well as the

Americans with Disabilities Act.  He complains that "... Congress hasn't passed enough laws to

insure [sic] the enforcement of the Amendments and laws."  He also asks the Court to "... look

into Lucille Galtier Hammond Girard..." who he suspects of unlawfully entering his home.  He

faults the State and Federal "AG and IG" for dereliction of duty for failing to investigate his

complaints.  He claims that he was falsely prosecuted and convicted of criminal offenses in St.

Mary and Tangipahoa Parishes and that his prosecution in St. Mary Parish resulted in the unjust

resolution of his personal injury suit in Lafayette Parish.  He also claims that "the state used my

disability to make me plead" and that his rights to bear arms and to vote were unjustly forfeited

owing to his unlawful convictions.  He also implies that the criminal charges filed against him

were the result of "hackers" getting into his computer. He complains that the United States

Supreme Court erroneously denied relief in Case Number 07-5200 and that Congress should

amend 42 U.S.C. §666.

      Finally, he asks "for some latitude" in this case because he suffers from a disability. He

notes, with respect to this civil action, "I'm not asking for money from the three branches of

government but at least my full VA and have it permanent." He concludes by noting "... the state was running over my rights. Also that the federal government wasn't listening to me when I said there is a problem." [Doc. 14]

### Law and Analysis

### 1. Screening

Plaintiff is no longer a prisoner; however, he has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. §1915(e)(2)(B), provides, with respect to litigants proceeding *in forma pauperis*, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Pursuant to this statute, Federal Courts are required  to screen complaints filed *in forma pauperis* and are authorized to dismiss such complaints without service of process when the Court determines that the complaint is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks money damages from a defendant who is immune from suit.

In other words, the initial review authorized by 28 U.S.C. §1915(e)(2)(B) applies equally to prisoner and non-prisoner *in forma pauperis* cases. *James v. Richardson*, 344 F. App'x 982, (5th Cir.2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous *IFP* actions even if those actions are brought by non-prisoner plaintiffs." citing *Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under §1915(e)(2)(B)(I) and (ii))).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A claim lacks

an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the

complaint alleges the violation of a legal interest which clearly does not exist. *Harper v.*

*Showers*, 174 F.3d 716, 718 (5th Cir.1999). It lacks an arguable factual basis only if the facts

alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional

allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

## 2. Separation of Powers

Plaintiff complains about a multitude of alleged wrongs he has suffered at the hands of

his landlord, the Abbeville Police Department, the City of Abbeville, his neighbors, the law

enforcement, prosecutorial, and judicial authorities in St. Mary and Tangipahoa Parishes, his

former employers, the attorneys who represented him in the civil and criminal matters, the

National Guard, Ms. Galtier, the F.B.I., the I.R.S., and unknown trespassers and computer

hackers from the Philippines and elsewhere. He, nevertheless, has always and only identified a

single defendant – the government of the United States. He has only explicitly prayed for an

order directing Congress to pass a law expanding "whistle blower" protection and for an order

directing the Department of Veterans Affairs to grant him "maximum benefits."

"[T]he separation-of-powers doctrine requires that a branch not impair another in the

performance of its constitutional duties." *Clinton v. Jones*, 520 U.S. 681, 701, 117 S.Ct. 1636,

137 L.Ed.2d 945 (1997) (internal quotation marks omitted). Here, plaintiff asks the judicial

branch to order the legislative branch to enact a specific series of laws. While Federal Courts

have jurisdiction and the authority to pass upon the constitutionality of Acts of Congress, the

Federal Courts lack the authority to order Congress to enact legislation. Any attempt by the

Courts to order Congress to enact legislation such as is proposed herein by the plaintiff would constitute an egregious encroachment upon the functions of the legislative branch and would violate the time-honored principle of separation of powers of the three great departments of our Government. *Compare Smith & Lee Assocs., Inc. v. City of Taylor, Mich.,* 102 F.3d 781, 797 (6th Cir.1996).

Further, to the extent that plaintiff seeks an order directing the  Department of Veterans' Affairs to recalculate his benefits, plaintiff fails to state a claim for which relief may be granted. He has not alleged which benefits he has been denied, nor the reason for the denial; further, and otherwise,  he alleges no fault on the part of the Department of Veterans Affairs. Clearly, the facts alleged in his pleadings and exhibits do not support a claim for Veterans benefits.  Finally, based on a liberal reading of the pleadings and exhibits, this Court probably lacks jurisdiction to consider his claim.  Title 38 U.S.C. §511 provides, "The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise."

The specific relief requested by plaintiff is unavailable; his complaint should be dismissed for failing to state a claim for which relief may be granted.

### 3. Rooker/Feldman Doctrine

Plaintiff's pleadings are difficult to decipher. He implies that  he is entitled to reconsideration of or annulment of at least two civil judgments rendered by Louisiana Courts,

namely, the judgment rendered in plaintiff's personal injury suit against Smith International filed

in the Fifteenth Judicial District Court,  Lafayette Parish under Docket Number 2006-2623, and,

the paternity suit filed in the Fifteenth Judicial District Court under Docket Number 2003-1042-

H2.[2]

Magistrate Judge Hill previously advised plaintiff that by virtue of the *Rooker/Feldman*

Doctrine, this Court lacks jurisdiction to review those State court judgments. The *Rooker-*

*Feldman* doctrine holds that federal courts lack jurisdiction to entertain collateral attacks on state

judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923);

*District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d

206 (1983). The United States Supreme Court is the only federal court permitted to review state

court decisions. See 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest

court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ

of certiorari ... where the validity of a statute of any State is drawn in question on the ground of

its being repugnant to the Constitution, treaties or laws of the United States[.]").  *Rooker-*

*Feldman* is a jurisdictional doctrine and, the Court is obliged to *sua sponte* resolve this

jurisdictional issue at the outset. *Compare Ritter v. Ross*, 992 F.2d 750, 752 (7th Cir. 1993), *cert.*

*denied*, 510 U.S. 1046, 114 S.Ct. 694, 126 L.Ed.2d 661 (1994).  Clearly this Court lacks

jurisdiction to review the judgments complained of and consequently plaintiff's claim must be

---

[2] As noted above plaintiff has not specifically identified the courts that rendered the complained of child custody judgment. However, review of the published jurisprudence of the State of Louisiana and the United States Supreme Court indicates that plaintiff was involved in protracted litigation in the Fifteenth Judicial District Court, the Louisiana Third Circuit Court of Appeals, the Louisiana Supreme Court, and the United States Supreme Court. *See Stacy Michael Meaus v. Lucille Galtier, et al*, 2006-2161 (La. 5/18/2007), 957 So.2d 159; *Meaux v. Galtier*, 552 U.S. 953 (2007) and associated cases.

11

dismissed for that reason.[3]

### 4. Miscellaneous Claims

Plaintiff complains about a multitude of alleged wrongs he has suffered at the hands of various individuals and governmental agencies. However, he provides no prayer for relief with respect to these alleged wrongs; nor does he identify any individuals or governmental agencies other than the United States as defendant.  While he does not provide in every instance the date upon which these alleged wrongs occurred, it appears that the actions and events complained of occurred between 1992 and 2013. [See plaintiff's exhibits, pleadings; and his memorandum in support]

The district court is authorized to dismiss a claim as frivolous if  "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations."  *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  A district court may raise the limitation period *sua sponte. See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

---

[3] Federal courts retain jurisdiction to award *habeas corpus* relief to persons "... in custody pursuant to the judgment of a State court." See 28 U.S.C. §2254. Plaintiff does not specifically seek *habeas corpus* relief, however, he implies that his criminal convictions in Tangipahoa and St. Mary Parishes are violative of the Constitution and laws of the United States. Plaintiff alleges insufficient facts to establish whether he remains "in custody" with respect to the State court convictions. Further, review of the presumptively reliable published jurisprudence indicates that plaintiff has filed numerous writ applications and appeals of his paternity suit, but the jurisprudence also indicates that plaintiff has not presented any *habeas* claims to the Louisiana Supreme Court. If that is indeed the case, it would appear that plaintiff has not exhausted available State court remedies with respect to any *habeas corpus* claims he might wish to litigate, and therefore a *habeas* petition would be subject to dismissal. See 28 U.S.C. §2254(b).  Finally, as noted by Magistrate Judge Hill, based upon the information supplied thus far, it is highly likely that a habeas attack on the Louisiana convictions would be subject to dismissal as time barred by the provisions of 28 U.S.C. §2244(d).

The statute of limitations for a §1983 action or a *Bivens* action is the same as the general statute of limitations in a personal injury action in the state in which the claim accrues.  *Wilson v. Garcia*, 471 U.S. 261, 279-280 (1984);  *Brown v. Nationsbank Corp*., 188 F.3d 579, 590 (5th Cir.1999).  The date of accrual for a §1983 claim, however, is a question of federal law.  *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981).  A plaintiff need  not realize that a legal cause of action exists but only that the facts support a claim.  *See Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). It appears that plaintiff's claims accrued more than one year prior to August 10, 2015, the date he filed his original complaint.

Indeed, with respect to plaintiff's conditions of confinement/medical care claim which arose during his incarceration in St. Mary Parish, plaintiff admits that those claims are prescribed, however, he implies that he is entitled to equitable tolling because upon his release from custody he was in great pain. Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983 and *Bivens*.  *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). Nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law, does not justify equitable tolling. *See  Barrow v. New Orleans*

13

*S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). While disease or illness may warrant equitable tolling, the disease must be of such severity that it rendered the litigant unable to pursue her legal claims. *See Fisher v. Johnson*, 174 F.3d 710, 715 (1999) (referring to mental illness); *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at \*3 (5th Cir. Jan.3, 2001) (*per curiam*) (unpublished) (Also referring to mental illness in the context of a *habeas corpus* claim and holding, "[A] prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights") Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

### *5. Plaintiff's Outstanding Motions*

On September 2, 2015 plaintiff filed a series of pleadings and exhibits as follows: (1) a motion asking the court to compel Congress to enact a whistle blower law to include law enforcement officers; (2) a notice of disagreement with the order of Magistrate Judge Hill which

14

prohibited plaintiff from telephoning the Clerk of Court; and, (3) a motion for permission to hack

any computer that hacks plaintiff's computer. [Docs. 11-13] As previously noted, this Court

lacks authority to order Congress to enact any law. Magistrate Judge Hill's order was no doubt

prompted by plaintiff's actions; to the extent that plaintiff seeks relief from that order, he has not

shown how he is in any way prejudiced by the order and therefore the notice or motion should be

denied. Finally, plaintiff seeks the approval of the Court to engage in what is ostensibly illegal

behavior, i.e., computer hacking. Plaintiff's motions are clearly without merit.

### Conclusion, Order, and Recommendation

Plaintiff is clearly not entitled to relief. Therefore,

Plaintiff's Motion to Compel Congress, his Objection to Magistrate Hill's Order, and his

Motion Seeking Permission to Hack Another Computer [Docs. 11, 12, and 13] are **DENIED.**

Furthermore,   **IT IS RECOMMENDED** that plaintiff's civil rights complaint be

**DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief

may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.    **Failure to file written objections to the**

**proposed factual findings and/or the proposed legal conclusions reflected in this Report**

**and Recommendation within fourteen (14) days following the date of its service, or within**

**the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from**

attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Lafayette, Louisiana, September 10, 2015.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

16